By: Michael I. Assad (#338972023)
Sadek Law Offices LLC
1500 JFK Blvd., Suite 220
Philadelphia, PA 19102
215-545-0008
michael@sadeklaw.com
*Attorney for Plaintiff*

# United States Bankruptcy Court
## District of New Jersey
### Camden Vicinage

| | |
|---|---|
| In re: Juan A. Torres Jr.,<br><br>*Debtor*. | Case No. 25-20765-ABA<br>Chapter 13 |
| Juan A. Torres Jr.,<br><br>*Plaintiff*,<br><br>v.<br><br>South Jersey Gas Company,<br><br>*Defendant*. | Adversary No. 25-02467-ABA |

**First Amended Complaint for Willful Violation of the Automatic Stay**

Plaintiff Juan A. Torres Jr. (the "Plaintiff"), for the Complaint against South Jersey Gas Company (the "Defendant"), alleges as follows:

**Jurisdiction**

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the Standing Order of Reference.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). To the extent that any claim is determined to be non-core, the Plaintiff consents to the entry of final orders and judgment by the Court.

3. Venue is proper under 28 U.S.C. § 1409.

## Parties

4. The Plaintiff is an individual debtor who commenced the above-captioned bankruptcy case by filing a voluntary petition under Title 11 of the United States Code on October 10, 2025 (the "Petition Date").

5. The Defendant is a corporation organized under the laws of New Jersey, with its principal place of business at 1 South Jersey Plaza, Folsom, NJ 08037.

6. The Defendant is a sophisticated public utility serving hundreds of thousands of ratepayers. It routinely encounters bankruptcy filings and understands the importance of complying with the automatic stay prescribed by 11 U.S.C. § 362(a).

## Facts

7. Before the commencement of the Plaintiff's bankruptcy case, the Defendant asserted or held a claim for natural gas utility service provided to his residence located at 246 Stetser Avenue in the Township of Gloucester (Blackwood), County of Camden, and State of New Jersey (the "Pre-Petition Claim").

8. The Bankruptcy Noticing Center notified the Defendant about the Plaintiff's bankruptcy electronically on October 14, 2025, which the Defendant received immediately.

9. The utility service was in effect at all times from the Petition Date until November 5, 2025.

10. On November 5, 2025, the Defendant terminated the utility service to coerce payment of the Pre-Petition Claim.

11. On November 5, 2025, the Plaintiff demanded that the Defendant immediately restore his utility service, but the Defendant failed to do so on that date.

12. On November 6, 2025, the Plaintiff demanded that the Defendant immediately restore his utility service, but the Defendant failed to do so on that date.

13. The Plaintiff's utility service remained terminated at all times from November 5, 2025, until the Defendant finally restored it at about 4:00 p.m. on November 7, 2025.

14. Collectively, the conduct described in Paragraphs 10 through 13 is the "Post-Petition Collection Misconduct."

15. As an actual and proximate result of the Post-Petition Collection Misconduct, the Plaintiff suffered injuries including, but not limited to, lost wages, emotional distress, and attorney's fees and costs.

## Count I
## Willful Violation of the Automatic Stay

16. The Plaintiff realleges Paragraphs 1 through 15 as if fully set forth herein.

17. The filing of the Plaintiff's bankruptcy petition created an automatic stay of all acts to collect, assess, or recover a pre-petition claim against him that took effect on the Petition Date and remained in effect at all relevant times thereafter.

18. The Defendant violated 11 U.S.C. § 362(a) by engaging in Post-Petition Collection Misconduct.

19. The Defendant had actual knowledge of the Plaintiff's bankruptcy case prior to the Post-Petition Collection Misconduct.

20. The Post-Petition Collection Misconduct was willful because the Defendant knew about the bankruptcy and intended the actions that violated the stay, regardless of any asserted good faith.

21. The Post-Petition Collection Misconduct injured the Plaintiff.

22. Under 11 U.S.C. § 362(k), the Plaintiff is entitled to actual damages, punitive damages, and attorney's fees and costs.

## Count II
## Declaratory and Injunctive Relief

23. The Plaintiff realleges Paragraphs 1 through 22 as if fully set forth herein.

24. An actual controversy exists regarding the practices that resulted in the Post-Petition Collection Misconduct.

25. The Court must declare that the Post-Petition Collection Misconduct violates 11 U.S.C. § 362(a) and permanently enjoin the Defendant from continuing such practices against the Plaintiff.

## Request for Relief

For good cause shown, the Plaintiff respectfully requests that the Court enter judgment against the Defendant:

A. declaring that the Post-Petition Collection Misconduct violates 11 U.S.C. § 362(a);

B. awarding the Plaintiff actual damages, punitive damages, and attorney's fees and costs under 11 U.S.C. § 362(k);

C. entering appropriate injunctive relief under 11 U.S.C. § 105(a) to prevent further violations; and

D. awarding such other and further relief as may be necessary and proper under the law.

| | |
|---|---|
| Date: November 9, 2025 | **SADEK LAW OFFICES LLC**<br>*Attorney for Plaintiff*<br><br>By: /s/ Michael I. Assad<br>    Michael I. Assad |

### Demand for Jury Trial

The Plaintiff demands a jury trial on all issues so triable and consents to such trial in the Bankruptcy Court, or in the District Court if the reference must be withdrawn.

| | |
|---|---|
| Date: November 9, 2025 | /s/ Michael I. Assad<br>Michael I. Assad |