| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(a)<br><br>JERROLD S. KULBACK<br>ARCHER & GREINER<br>A Professional Corporation<br>1025 Laurel Oak Road<br>Voorhees, NJ 08043<br>Phone:  (856) 795-2121<br>Fax:  (856) 795-0574<br><br>*Attorneys for South Jersey Gas Company* | |
| In re:<br><br>JUAN A. TORRES JR.<br><br>                    Debtor. | Chapter 13<br><br>Case No. 25–20765 (ABA) |
| JUAN A. TORRES JR.,<br><br>                    Plaintiff,<br><br>         -against-<br><br>SOUTH JERSEY GAS COMPANY,<br><br>                    Defendant. | Adv. Proc. No. 25–02467 (ABA) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant South Jersey Gas Company ("Defendant" or "SJGC"), by and through its undersigned counsel, submits this answer and affirmative defenses (the "Answer") to the *First Amended Complaint for Willful Violation of the Automatic Stay* [ECF No. 2] (the "Complaint")[1] filed by plaintiff Juan A. Torres Jr. ("Plaintiff" or the "Debtor"), and in support thereof, respectfully represents as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

231619806 v5

## JURISDICTION

1. Defendant neither admits nor denies the allegations contained in paragraph "1" of the Complaint, as such allegations are legal conclusions to which no response is required.

2. Defendant neither admits nor denies the allegations contained in paragraph "2" of the Complaint, as such allegations are legal conclusions to which no response is required.

3. Defendant neither admits nor denies the allegations contained in paragraph "3" of the Complaint, as such allegations are legal conclusions to which no response is required.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint, and therefore denies same and leaves Plaintiff to its proof thereof.

5. Defendant admits the allegations contained in paragraph "5" of the Complaint.

6. Defendant only admits that it is a public utility and neither admits nor denies the remaining allegation in paragraph "6" of the Complaint as such allegation is a legal conclusion to which no response is required.

## FACTS

7. Defendant admits the allegations contained in paragraph "7" of the Complaint.

8. Defendant denies the allegation contained in paragraph "8" of the Complaint.

9. Defendant admits the allegation contained in paragraph "9" of the Complaint.

10. Defendant denies the allegations contained in paragraph "10" of the Complaint.

11. Defendant denies the allegations contained in paragraph "11" of the Complaint.

12. Defendant denies the allegations contained in paragraph "12" of the Complaint.

13. Defendant denies the allegations contained in paragraph "13" of the Complaint.

231619806 v5

14. Paragraph "14" does not require a response.

15. To the extent the allegations contained in paragraph "15" of the Complaint state legal conclusions, no responsive pleading is required. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies same and leaves Plaintiff to its proof thereof.

## COUNT I

16. Defendant repeats, re-alleges and incorporates by reference its responses to paragraphs "1" through "15" of the Complaint as if fully set forth herein.

17. To the extent the allegations contained in paragraph "17" of the Complaint state a legal conclusion, no responsive pleading is required. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies same and leaves Plaintiff to its proof thereof.

18. Defendant denies the allegations contained in paragraph "18" of the Complaint.

19. Defendant denies the allegations contained in paragraph "19" of the Complaint.

20. Defendant denies the allegations contained in paragraph "20" of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint, and therefore denies same and leaves Plaintiff to its proof thereof.

22. Defendant denies the allegations contained in paragraph "22" of the Complaint.

## COUNT II

23. Defendant repeats, re-alleges and incorporates by reference its responses to paragraphs "1" through "22" of the Complaint as if fully set forth herein.

24. Defendant denies the allegations contained in paragraph "24" of the Complaint.

231619806 v5

25. Defendant denies the allegations contained in paragraph "25" of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Complaint should be dismissed on the basis that the termination of services occurred more than twenty days after the order for relief and neither the trustee nor the debtor furnished Defendant with adequate assurance of payment pursuant to Section 366(b) of the Bankruptcy Code.

2. The Complaint should be dismissed on the basis that, at all relevant times, Defendant lacked actual notice or knowledge of the filing of the bankruptcy case.

3. The Complaint fails to allege facts sufficient to establish that Defendant committed any act "against the debtor" or "against property of the estate" within the meaning of 11 U.S.C. § 362(a).

4. The Complaint fails to allege facts sufficient to establish that Defendant's conduct was "willful" within the meaning of 11 U.S.C. § 362(a).

5. The Complaint fails to allege facts sufficient to establish that Plaintiff suffered any actual damages proximately caused by Defendant's conduct.

6. To the extent Plaintiff unreasonably delayed in providing notice of the bankruptcy, concealed material information, or is attempting to use the automatic stay as an unfair litigation tactic, Plaintiff is barred in whole or in part by estoppel, laches, and/or unclean hands from recovering the damages sought.

7. The Complaint should be dismissed on the basis that Plaintiff's claims and each purported cause of action contained in the Complaint fail to state a claim upon which relief may be granted.

231619806 v5

8. The Complaint should be dismissed on the basis that Plaintiff's claims are barred for lack of personal jurisdiction over the Defendant in this Court.

9. The Complaint should be dismissed on the basis that Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert the claims contained in the Complaint.

10. The Complaint should be dismissed on the basis that Plaintiff's claims are barred in whole or in part due to insufficiency of process.

11. The Complaint should be dismissed on the basis that Plaintiff's claims are barred in whole or in part due to insufficiency of service of process.

12. The Complaint should be dismissed on the basis of documentary evidence or lack thereof.

13. The Complaint should be dismissed on the basis that Plaintiff's claims are barred by the doctrine of waiver.

14. The Complaint should be dismissed on the basis that Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

15. The Complaint should be dismissed on the basis that Plaintiff's claims are barred in whole or in part by the doctrines of setoff and/or recoupment.

## **RESERVATION OF RIGHTS**

Defendant reserves all rights to amend this Answer, raise any additional defenses, cross-claims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation, as may be appropriate at a later time.

*     *     *

231619806 v5

**WHEREFORE**, Defendant respectfully request that this Court enter an order:

(1) dismissing the Complaint with prejudice;

(2) awarding Defendant all costs and expenses incurred in defending this action including attorneys' fees as permitted by law; and

(3) granting such other and further relief as this Court deems just and proper.

                                        ARCHER & GREINER
                                        A Professional Corporation
                                        *Attorneys for South Jersey Gas Company*

Dated:  February 2, 2026                By: */s/ Jerrold S. Kulback*
                                                     Jerrold S. Kulback

231619806 v5